UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN EGGSWARE,

                                        Plaintiff,

                                                                    1:22-cv-00897
v.                                                                  (BKS/TWD)

SEAN CARTER, ROBYN RIHANNA FENTY, and
ALICIA AUGELLO COOK,

                                        Defendants.
_____

APPEARANCES:

SHAWN EGGSWARE
*Plaintiff, pro se*
66 2nd Street
Apt 3
Waterford, NY 12188

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

<u>**ORDER AND REPORT-RECOMMENDATION**</u>

The Clerk has sent to the Court for review a complaint brought pursuant to 42 U.S.C. §

1983, filed by Shawn Eggsware (Plaintiff").  (Dkt. No. 1.)  Plaintiff has also moved to proceed *in

forma pauperis* ("IFP").  (Dkt. No. 2.)

**I.      IFP APPLICATION**

A review of Plaintiff's IFP application shows that he declares he is unable to pay the

filing fee.  (Dkt. No. 2.)  After reviewing his application, this Court finds Plaintiff is financially

eligible for IFP status.  Therefore, Plaintiff's IFP application is granted for purposes of filing

only.[1]

_____

[1]  Plaintiff should also note that although his IFP Application has been granted, he will still be
required to pay fees that he may incur in this action, including copying and/or witness fees.

II.     **SUFFICIENCY OF THE COMPLAINT**

A.     **Legal Standard**

This Court must conduct an initial review of complaints filed IFP.  28 U.S.C. § 1915(e).

When conducting this review, "the court shall dismiss the case at any time if the court

determines . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which

relief may be granted."  28 U.S.C. §§ 1915(e)(2)(B)(i), (ii); *see also Allen v. Stringer*, No. 20-

3953, 2021 WL 4472667, at *1 (2d Cir. Sept. 30, 2021).  The Court must also dismiss a

complaint, or portion thereof, when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ.

P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally.  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that a *pro se* litigant's complaint is to be

held "to less stringent standards than formal pleadings drafted by lawyers"); *see also Sealed*

*Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

"An action is frivolous when either: (1) the factual contentions are clearly baseless such

as when the claims are the product of delusion or fantasy; or (2) the claim is based on an

indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437

(2d Cir. 1998).  "A claim is based on an indisputably meritless legal theory when either the claim

lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the

complaint." *Id.*

To survive dismissal for failure to state a claim, a complaint must contain a short and

plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

This short and plain statement of the claim must be "plausible on its face."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id.* It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B.    Summary of Complaint**

On August 29, 2022, Plaintiff commenced this action against Sean Carter, Robyn Rihanna Fenty, and Alicia Augello Cook (collectively, "Defendants"), also commonly known as Jay-Z, Rihanna, and Alicia Keys. (Dkt. No. 1.) Plaintiff's factual allegations are reproduced in their entirety as follows: "These people are just watching me play with my daughter. I make these homemade videos and every day, they just watch me play with my daughter and then torment her and I on YouTube and Instagram." *Id*. at 2. The complaint seeks damages in the amount of $25,000 and the issuance of restraining orders. *Id*. at 3-4.

**C.    Analysis**

Plaintiff purportedly brings this action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Having carefully reviewed Plaintiff's complaint, the Court recommends that it be dismissed in its entirety.

"To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  Thus, § 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

The requirement that the defendant acted under "color of state law" is jurisdictional. *Bennett v. Bailey*, No. 5:20-CV-0903 (GTS/ATB), 2020 WL 5775940, at *2 (N.D.N.Y. Aug. 17, 2020), *report-recommendation adopted*, 2020 WL 5775231 (N.D.N.Y. Sept. 28, 2020).  Private conduct is simply beyond the reach of § 1983 "'no matter how discriminatory or wrongful' that conduct may be." *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).  Therefore, a plaintiff must establish that the defendant was either a state actor or a private party acting under color of state law.  *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002); *see also United States v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").  A private party engages in state action when they are found to be a "willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (citing *United States v. Price*, 383 U.S. 787, 794 (1966)).  "Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that

4

of the State itself." *White v. Moylan*, 554 F. Supp. 2d 263, 267 (D. Conn. 2008) (citation

omitted).

Here, there is nothing in the complaint to suggest Defendants are "state actors" or private

citizens acting under the color of state law.  There is no indication that Defendants were a

"willful participant" in joint activity with the State, or in any way established a "close nexus"

with the State.  *Adickes*, 398 U.S. at 152; *White*, 554 F. Supp. 2d at 267.  Because Defendants are

private citizens, and Plaintiff's allegations do not involve conduct the Court construes to be joint

activity with the State, Plaintiff has failed to allege a claim pursuant to § 1983, which would

raise a federal question.

Further, even if, *arguendo*, Plaintiff had named state actors or demonstrated Defendants

were persons acting under color of state law, there is nothing in the complaint that suggests, even

under the most liberal reading, that any constitutional right of Plaintiff's was violated through the

alleged invasion of his privacy as described in the complaint.  Even applying special solicitude,

the undersigned can identify no other law or statute under which Plaintiff can properly bring his

claim in this Court.

Nor does the complaint satisfy the requirements of diversity jurisdiction.  Diversity

jurisdiction can be established when the case is between citizens of different States and the

"matter in controversy exceeds the sum or value of $75,000[.]"  28 U.S.C.A. § 1332(a)(1).  The

complaint fails to establish complete diversity of citizenship between the parties and the amount

in controversy is not met in this case.

Therefore, the Court recommends dismissal of the complaint for lack of subject matter

jurisdiction.  Thus, any dismissal must be without prejudice.  *Hollander v. Garrett*, 710 F. App'x

35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice.").

**D.     Opportunity to Amend**

Generally, when the court dismisses a *pro se* complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). "[L]ack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading." *Moran v. Proskauer Rose LLP*, No. 1:17-CV-00423 (MAD/TWD), 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017); *see also Guillory v. Bishop Nursing Home*, 21-CV-0410 (MAD/ATB), 2021 WL 2431259, at *3 (N.D.N.Y. June 15, 2021) (dismissing the complaint "without prejudice" and "without leave to amend" because the Court "lack[ed] . . . subject matter jurisdiction").

This Court has serious doubts about whether Plaintiff can amend to assert any form of federal jurisdiction over the situation that he describes in his complaint. Nevertheless, in deference to Plaintiff's *pro se* status and out of an abundance of caution, the Court recommends affording Plaintiff an opportunity to amend his complaint.[2]

---

[2] Should Plaintiff be permitted to amend his complaint, any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, which shall supersede and replace in its entirety the previous complaint filed by Plaintiff, must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights. Plaintiff is further cautioned that no portion of his prior complaint shall be incorporated into his amended complaint by reference. **Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction**. If Plaintiff is alleging that the named defendants violated a law, he should specifically refer to such law.

E.       **Warning**

Plaintiff has a history of filing IFP complaints in the Northern District of New York that
are dismissed on initial review.  *See Eggsware v. Albany Masonic Temple et al.*, 1:21-cv-00933-
GLS-ML (filed 08/18/21; closed 04/14/22); *Eggsware v. United States Secret Service et al.*,
1:21-cv-01029-GTS-CFH (filed 09/17/21; closed 05/11/22); *Eggsware v. East Coast Syndicate
et al.*, 1:21-cv-01064-LEK-CFH (filed 09/27/21; closed 05/05/22); *Eggsware vs. Doe*, 1:22-cv-
00054-BKS-CFH (filed 01/21/22; closed 03/18/22); *Eggsware v. Winfrey et al.*, 1:22-cv-00077-
GLS-DJS (filed 01/27/22; closed 05/02/22); *Eggsware v. Google et al.*, 1:22-cv-00868-GTS-DJS
(filed 08/22/22).[3]

Plaintiff is cautioned that the filing of vexatious, harassing, or duplicative lawsuits may
result in the imposition of sanctions, including limitations on his ability to file without prior
permission of the Court.  *See Ajamian v. Nimeh*, 14-CV-0320 (GTS), 2014 WL 6078425, at *3
(N.D.N.Y. Nov. 13, 2014) ("[A] federal district court may impose reasonable filing restrictions
on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent
authority to control and manage its own docket so as to prevent abuse in its proceedings."); *see
also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a
"clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a
"leave to file" requirement may be instituted by the court as an appropriate sanction); *Hong Mai*

---

[3] On August 31, 2022, U.S. Magistrate Judge Stewart reviewed Plaintiff's IFP complaint in
*Eggsware v. Google et al*, 1:22-cv-00868, which also asserts a single cause of action for invasion
of privacy against numerous celebrities on a form Section 1983 complaint and recommended
dismissal of the complaint with leave to amend.  *See Eggsware v. Google et al*, 1:22-cv-00868
GTS-DJS (Dkt. No. 6).  On October 11, 2022, U.S. District Judge Suddaby accepted and adopted
the report-recommendation in its entirety.  *Id.*, Dkt. No. 7.  As such, Plaintiff's complaint in
*Eggsware v. Google et al*, 1:22-cv-00868 shall be dismissed unless, within thirty (30) days from
the date of that Order, Plaintiff files an amended complaint correcting the pleading defects
identified in the report-recommendation.  *Id.*

*Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.").

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD**; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam) on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

**IT IS SO ORDERED.**

Dated: October 13, 2022
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

Allen v. Stringer, Not Reported in Fed. Rptr. (2021)

2021 WL 4472667

2021 WL 4472667
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Doran ALLEN, Plaintiff-Appellant,

v.

Scott M. STRINGER, New York City Comptroller,
Warden AMKC-C-95, Defendants-Appellees.

20-3953
|
September 30, 2021

Appeal from a judgment of the United States District Court
for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY
ORDERED, ADJUDGED, AND DECREED** that the
judgment of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT:  Doran Allen, pro se,
Ossining NY.

FOR DEFENDANTS-APPELLEES: No appearance.

PRESENT: RICHARD C. WESLEY, RICHARD J.
SULLIVAN, Circuit Judges, JOHN G. KOELTL, District
Judge. [*]

[*]      Judge John G. Koeltl of the United States District
         Court for the Southern District of New York, sitting
         by designation.

**SUMMARY ORDER**

Appellant Doran Allen, proceeding pro se, sued Scott M.
Stringer, in his capacity as New York City Comptroller, and
the unnamed warden of the Rikers Island Anna M. Kross
Center ("AMKC") under 42 U.S.C. § 1983 for violations of
the Due Process Clause of the Fourteenth Amendment. Allen
alleges that, while he was detained at AMKC, a corrections
officer refused to help him carry breakfast trays, causing
him to slip and fall on broken stairs, injuring himself. The district
court dismissed the complaint sua sponte for failure to state a
claim. We assume the parties' familiarity with the underlying

facts, the procedural history of the case, and the issues on
appeal.

We review de novo a district court's sua sponte dismissal of
a complaint under 28 U.S.C. § 1915(e)(2). *Zaleski v. Burns,*
606 F.3d 51, 52 (2d Cir. 2010). Under that statute, the district
court must dismiss a complaint filed in forma pauperis if
it determines that the action "(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted;
or (iii) seeks monetary relief against a defendant who is
immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To
avoid dismissal, a complaint must plead "enough facts to
state a claim to relief that is plausible on its face." *Bell Atl.
Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft
v. Iqbal,* 556 U.S. 662, 678 (2009) (recognizing that "legal
conclusions" and "[t]hreadbare recitals of the elements of a
cause of action, supported by mere conclusory statements, do
not suffice" to plead a viable claim). Pro se submissions are
reviewed with "special solicitude," and "must be construed
liberally and interpreted to raise the strongest arguments that
they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d
471, 474–75 (2d Cir. 2006) (internal quotation marks and
emphasis omitted).

Conditions-of-confinement claims brought by pretrial
detainees are analyzed under the Fourteenth Amendment's
Due Process clause. *Darnell v. Pineiro,* 849 F.3d 17, 29
(2d Cir. 2017). To state such a claim, a plaintiff must
satisfy both an objective prong and a subjective prong.
*See id.* The objective prong requires "showing that the
challenged conditions were sufficiently serious to constitute
objective deprivations of the right to due process," while
the subjective prong requires "showing that [an] officer
acted with at least deliberate indifference to the challenged
conditions." *Id.* (internal quotation marks omitted). If a
conditions-of-confinement claim is predicated on an unsafe
condition, a court will analyze "whether society considers
the risk that the prisoner complains of to be so grave that it
violates contemporary standards of decency to expose *anyone*
unwillingly to such a risk." *Helling v. McKinney,* 509 U.S. 25,
36 (1993).

Allen alleges that he slipped or tripped on broken stairs,
causing him to fall. But while the existence of broken stairs
could be deemed to constitute negligence on the part of
the prison, broken stairs alone cannot satisfy the objective
prong of a conditions-of-confinement claim. *See McCray v.
Lee,* 963 F.3d 110, 120 (2d Cir. 2020) (explaining that the
defendant's complaint alleging unconstitutional conditions of

2021 WL 4472667

confinement after a slip and fall in an icy prison yard did not show "exceptional circumstances" that would "elevate" the conditions "beyond the typical level of danger presented by a slippery sidewalk or a wet floor"). Because broken stairs cannot be considered a risk that is "so grave that it violates contemporary standards of decency," Allen's conditions-of-confinement claim was properly dismissed. *Helling*, 509 U.S. at 36.

**\*2** But even if it could be argued that Allen alleged an objectively serious condition, the district court properly dismissed Allen's claims against Stringer and the AMKC warden due to the obvious deficiencies in Allen's complaint. As the district court concluded, the suit against the warden in his official capacity was more properly a suit against the City of New York because Allen did not allege that the warden personally had done or failed to do anything that violated his rights. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity... should be treated as suits against the State."). Similarly, Stringer, as the New York City Comptroller, is sued in his official capacity. Allen was therefore obligated to allege sufficient facts showing that the Fourteenth Amendment violation occurred "pursuant to a municipal policy or custom," *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (citing, inter alia, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978)), or was caused by a "failure to train," *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694). Allen did not allege any facts showing that the corrections officer acted pursuant to an unconstitutional policy or custom, or that the City of New York failed to train its corrections officers, as required for such a claim.

The district court also did not abuse its discretion by declining to exercise supplemental jurisdiction over any state-law claims because the district court properly dismissed Allen's § 1983 claim, the only claim over which it had original jurisdiction. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)).

Finally, the district court did not err by denying Allen leave to amend his complaint. A district court should not dismiss a pro se plaintiff's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). As discussed above, the incident involving the corrections officer and the broken steps did not amount to a due process violation, and that deficiency in the complaint cannot not be cured. Accordingly, amendment would have been futile.

We have considered all of Allen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

**All Citations**

Not Reported in Fed. Rptr., 2021 WL 4472667

---

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Bruce v. Tomkins County Dept. of Social Services ex rel...., Not Reported in...

2015 WL 151029

2015 WL 151029
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Rudoph M. BRUCE, II, on behalf of
himself and his son, T.R.B., Plaintiff,
v.
TOMPKINS CNTY. DEP'T OF SOC. SERVS.,
through Kit KEPHART, Cmm'r; Jennifer M.
Donlan, Esq.; and Patricia A. Carey, Comm'r,
Tompkins Cnty. Dep't of Soc. Servs., Defendants.

No. 5:14–CV–0941 (GTS/DEP).
|
Signed Jan. 7, 2015.

**Attorneys and Law Firms**

Rudolph M. Bruce, II, Newfield, NY, pro se.

### *DECISION and ORDER*

GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this *pro se* civil rights action filed by Rudolph M. Bruce, II, on behalf of himself and his son T.R.B. ("Plaintiff") against the above-captioned county and two individuals ("Defendants") arising from a currently pending proceeding in Tompkins County Family Court, are (1) United States Magistrate Judge David E. Peebles' Report–Recommendation recommending that Plaintiff's Complaint be dismissed without leave to replead and without prejudice pursuant to the *Younger* doctrine, and (2) Plaintiff's two-page Objection, which fails to contain a specific challenge to the Report–Recommendation. (Dkt.Nos .4, 5.) After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report–Recommendation: Magistrate Judge Peebles employed the correct legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report–Recommendation for the reasons stated therein. (Dkt. No. 4.) The Court would add only that Magistrate Judge Peebles' thorough Report–Recommendation would survive even a *de novo* review.

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Peebles' Report–Recommendation (Dkt. No. 4) is ***ACCEPTED*** and ***ADOPTED*** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is ***DISMISSED*** without leave to replead and without prejudice.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a) (3), that any appeal taken from the Court's final judgment in this action would not be taken in good faith.

### *REPORT, RECOMMENDATION, AND ORDER*

DAVID E. PEEBLES, United States Magistrate Judge.

*Pro se* plaintiff Rudolph M. Bruce, II., purporting to act on behalf of himself and his son, T.R.B., has commenced this action against Tompkins County Department of Social Services ("DSS") and two individuals, pursuant to 42 U.S.C. § 1983, alleging that the defendants have deprived him and his son of their civil rights. Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been referred to me for consideration. For the reasons set forth below, I recommend that plaintiff's complaint be dismissed without leave to replead.

### I. *BACKGROUND*

This action was commenced on July 28, 2014. Dkt. No. 1. Plaintiff's complaint asserts claims on his behalf and on behalf of his son, T.R.B., and names Tompkins County DSS, Kit Kephart, Jennifer M. Donlan, Esq., and Patricia A. Carey as defendants. *Id* . at 1–2. Plaintiff's complaint is accompanied by an application for leave to proceed IFP. Dkt. No. 2.

In his complaint, plaintiff alleges that his son's First Amendment right of free speech was infringed by the defendants, who apparently took custody of T.R.B. and his siblings [1] on or about June 17, 2014, based upon T.R.B.'s statement that "he would rather be dead if he could not be with his family." [2] Dkt. No. 1 at 5. The complaint suggests that, prior to taking custody of T.R.B. and his siblings, Tompkins County DSS investigated a complaint of alleged child neglect, and proceedings before Honorable Joseph R. Cassidy, a Tompkins County Family Court Judge, have commenced regarding the custody of the children. *Id.* at 6.

1     Plaintiff's complaint alludes to T.R.B.'s brother and sister, and plaintiff's IFP application indicates that plaintiff has three children. Dkt. No. 1 at 5; Dkt. No. 2 at 2.

2     Plaintiff's complaint does not disclose the age of T.R.B. Dkt. No. 1.

**\*2** Liberally construed, plaintiff's complaint alleges that defendants have deprived him of his right to custody of his children under the First, Fourth, Fifth, and Fourteenth Amendments, and have deprived T.R.B. of his First Amendment right to free speech. *See generally* Dkt. No. 1. As relief, plaintiff seeks (1) return of his children to his custody and (2) Judge Cassidy's recusal from the pending family court matter in Tompkins County or removal of the matter to Broome County. *Id.* at 4, 7.

## II. *DISCUSSION*

### A. *Application to Proceed IFP*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). [3] In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application is granted. [4]

3     The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a) (1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States,* 71 Fed. Cl. 366, 367 (Fed.Cl.2006); *see also Fridman v. City of N.Y.,* 195 F.Supp.2d 534, 536 n. 1 (S.D.N.Y.2002).

4     Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

### B. *Sufficiency of Plaintiff's Claims*

### 1. *Standard of Review*

Because I have granted plaintiff's motion to proceed *in forma pauperis,* I must review the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States,* Nos. 99–MC–0304, 99–MC–0408, 1999 WL 1067841, at \*2 (D.Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir.1998)); *see also Neitzke v. Williams,* 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis."); *Pino v. Ryan,* 49 F.3d 51, 53 (2d Cir.1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

**\*3** When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the

Case 1:22-cv-00897-BKS-TWD Document 4 Filed 10/13/22 Page 13 of 20

Bruce v. Tompkins County Dept. of Social Services ex rel...., Not Reported in...

2015 WL 151029

opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank,* 162 F.R .D. 15, 16 (N.D.N.Y.1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

### 2. *Analysis of Plaintiff's Claims*

It is clear from plaintiff's complaint that the claims asserted on his behalf and on behalf of T.R.B. directly relate to a pending proceeding before Judge Cassidy in Tompkins County Family Court regarding the custody of T.R.B. and his siblings. Dkt. No. 1 at 6. Pursuant to *Younger v. Harris,* 401 U.S. 37, 43–45 (1971), and its progeny, however, a federal district court does not have jurisdiction over an action seeking injunctive or declaratory relief "where '1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in state court.' " *Parent v. N.Y.,* 485 F. App'x 500, 503 (2d Cir.2012) (quoting *Liberty Mut. Ins. Co. v. Hurlbut,* 585 F.3d 639, 647 (2d Cir.2009)). The *Younger* doctrine "applies with equal force to [both criminal and] civil proceedings," including proceedings pending in family courts. *Parent,* 485 F. A'ppx at 503; *Donkor v. City of N.Y. Human Res. Admin. Special Servs. for Children,* 673 F.Supp. 1221, 1224 (S.D.N.Y.1987).

**\*4** In this case, it is clear from plaintiff's complaint that the three conditions necessary to establish *Younger* abstention are satisfied. First, as discussed above, there is an ongoing proceeding in Tompkins County Family Court concerning

plaintiff and the custody of his children. Dkt. No. 1 at 6. Second, "[a] state plainly has an interest in the outcome of a child custody dispute adjudicated in its courts." *Grieve v. Tamerin,* 269 F.3d 149, 152–53 (2d Cir.2001). Turning to the third condition, "the relevant question under *Younger* is whether the state's procedural remedies could provide the relief sought not whether the state will provide the constitutional ruling which the plaintiff seeks." *Spargo v. N.Y. State Comm'n of Judicial Conduct,* 351 F.3d 65, 79 (2d Cir.2003) (quotation marks, alterations, emphasis omitted). Courts in this circuit have frequently concluded that a pending proceeding in state family court "affords ... adequate opportunity for judicial review of [a plaintiff's] constitutional claims." *Best v. City of N.Y.,* No. 12–CV–7874, 2014 WL 163899, at *10 (S.D.N.Y. Jan. 15, 2014); *see also Hidalgo v. N.Y.,* 11–CV–5074, 2011 WL 5838494, at *3 (E.D.N.Y.21, 2011); *Reinhardt v. Mass. Dep't of Soc. Servs.,* 715 F.Supp. 1253, 1257 (S.D.N.Y.1989).

Based upon the foregoing, I recommend that the court abstain from addressing any of the claims asserted in the plaintiff's complaint, all of which relate directly to the proceeding pending in Tompkins County Family Court.

### C. *Whether to Permit Amendment*

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 704–05 (2d Cir.1991); *see also* Fed.R.Civ.P. 15(a) ( "The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F.Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

**\*5**  In this case, the court is precluded from adjudicating the claims asserted in plaintiff's complaint on his behalf and on behalf of T.R .B. due to the pending proceeding in Tompkins County Family Court, and no amendment to the complaint could cure this defect. Accordingly, I recommend that plaintiff not be granted leave to replead. [5]

[5]    It is worth noting that plaintiff is precluded from pursuing claims on behalf of his son, T.R.B., *pro se.* See *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir.1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *see also Fauconier v. Comm. on Special Educ.,* No. 02–CV–1050, 2003 WL 21345549, at \*1 (S.D.N.Y. June 10, 2003). In the event my recommendation that plaintiff's complaint be dismissed without leave to replead is not adopted by the district judge, and any of the claims asserted on behalf of T.R.B. survive, plaintiff must first obtain legal representation to pursue those claims.
In addition, because Tompkins County DSS is not amenable to suit, *Hoisington v. Cnty. of Sullivan,* 55 F.Supp.2d 212, 214 (S.D.N.Y.1999), in the event any portion of the plaintiff's complaint survives review by the district judge, I recommend that Tompkins County be substituted as a defendant in the place of Tompkins County DSS.

### III. *SUMMARU AND RECOMMENDATION*

A review of plaintiff's application for leave to proceed IFP reflects that he is eligible for that status. Because all of plaintiff's claims asserted both on his behalf and on behalf of T.R.B. relate to an ongoing proceeding in Tompkins County Family Court, however, I recommend that the court abstain from adjudicating any of them. Based upon the foregoing, it is hereby

ORDERED that plaintiff's leave to proceed in this action *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint be DISMISSED without leave to replead and without prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Filed Sept. 4, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 151029

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 6078425
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Robert H. AJAMIAN, Plaintiff,

v.

Kinah NIMEH, Stock Broker at Gunn Allen
Financial, Arbitration 13–02183, Defendant.

No. 1:14–CV–0320 (GTS/CFH).
|
Signed Nov. 13, 2014.

**Attorneys and Law Firms**

Robert H. Ajamian, Latham, NY, pro se.

***DECISION and ORDER***

Hon. GLENN T. SUDDABY, District Judge.

 **\*1** Currently before the Court, in the above-captioned
civil rights action filed by Robert H. Ajamian ("Plaintiff")
against the above-captioned Defendants, is United States
Magistrate Christian F. Hummel's Report–Recommendation
recommending that Plaintiff's Complaint be dismissed
pursuant to 28 U.S.C. § 1915 and § 1915A for failure to state
a claim but otherwise granting Plaintiff leave to submit an
amended complaint. (Dkt. No. 15.) Plaintiff has not filed an
objection to the Report–Recommendation and the deadline
in which to do so has expired. (*See generally* Docket Sheet.)
Instead, Plaintiff has filed a proposed amended complaint.
For the reasons set forth below, Magistrate Judge Hummel's
Report–Recommendation is accepted and adopted in its
entirety. In addition, Plaintiff's proposed amended complaint
is denied and this action is dismissed with prejudice. Further,
Plaintiff is directed to show cause, within thirty (30) days of
this Decision and Order, as to why he should not be barred
from filing any future *pro se* documents or motions in this
action without first obtaining leave of the Court.

**I. Report–Recommendation**

When *no* objection is made to a report-recommendation, the
Court subjects that report recommendation to only a *clear
error* review. Fed.R.Civ.P. 72(b), Advisory Committee Notes:
1983 Addition. When performing such a "clear error" review,

"the court need only satisfy itself that there is no clear error on
the face of the record in order to accept the recommendation."
*Id.; see also Batista v. Walker,* 94–CV–2826, 1995 WL
453299, at \*1. (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I
am permitted to adopt those sections of [a magistrate judge's]
report to which no specific objection is made, so long as
those sections are not facially erroneous.") (internal quotation
marks and citations omitted).

Here, based upon a review of this matter, the Court can
find no error with Magistrate Judge Hummel's Report–
Recommendation, clear or otherwise. (Dkt. No. 15.)
Magistrate Judge Hummel employed the proper standards,
accurately recited the facts, and reasonably applied the law
to those facts. (*Id.*) Further, Magistrate Judge Hummel's Report–
Recommendation would survive even a *de novo* review. As a
result, the Report–Recommendation is accepted and adopted
in its entirety for the reasons stated therein.

**II. Proposed Amended Complaint**

Ostensibly pursuant to Magistrate Judge Hummel's
recommendation that this Court grant Plaintiff leave to
file an amended complaint, Plaintiff prematurely filed a
proposed amended complaint, but did so by insisting that
it be treated as a separate action. (*See Ajamian v. Gunn
Allen Fin., et al.,* 1:14–CV–1211 [DNH/ATB].) As Magistrate
Judge Andrew T. Baxter observed, that complaint adds a
defendant, adds facts and changes the basis for Plaintiff's
allegation of jurisdiction. (*See id.,* Dkt. No. 5) However,
because that complaint is "challenging the same conduct by
the same defendant at the same time as the complaint in [this
action]," Magistrate Judge Baxter closed the separate action
and directed that the complaint filed therein be filed as a
proposed amended complaint in this action. (*See id.,* Dkt.
No. 5.) Therefore, the Court will review Plaintiff's proposed
amended complaint to determine whether a meritorious claim
is stated, which would allow the action to go forward.

 **\*2** As an initial matter, it is important to note that Plaintiff
filed an exact copy of the original complaint in this action in
the United States District Court for the District of Columbia
on June 10, 2014, which was thereafter transferred to the
Eastern District of New York. *See Ajamian v. Nimeh,* 2:14–
CV–4093(JS/GRB). On September 26, 2014, the District
Judge in that case dismissed Plaintiff's claims without
prejudice and granted Plaintiff leave to file an amended
complaint within thirty days of the filing of the Order. *See
Ajamian v. Nimeh,* No. 14–CV–409, 2014 WL 4828884, at
\*4 (E.D.N.Y. Sept. 26, 2014). Specifically, the Order states

that "[i]f Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be DISMISSED WITH PREJUDICE." *Id.* (emphasis in original). Plaintiff having not filed an amended complaint in that action within the time allowed, his claims have been dismissed with prejudice. For this reason, the Court finds that the proposed amended complaint in this action is futile because Plaintiff is estopped from pursuing his claims under the doctrine of *res judicata*.

> Under the doctrine of *res judicata,* or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Thus, the doctrine bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action. *EDP Med. Computer Sys., Inc. v. United States,* 480 F.3d 621, 624 (2d Cir.2007) (internal citations and quotation omitted).

> A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action. Such a dismissal constitutes a final judgment with the preclusive effect of *res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit.

*Nemaizer v. Baker,* 793 F.2d 58, 60–61 (2d Cir.1986) (internal citations and quotation omitted).

Consequently, Plaintiff's claims in his original complaint as well as those in the proposed amended complaint are precluded under the doctrine of *res judicata. See Nemaizer,* 793 F.2d, at 61. For this reason, Plaintiff's proposed amended complaint is denied and this action is dismissed without prejudice.

## III. Appropriateness of Bar Order

A review of Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service reveals that, over the past year, Plaintiff has filed nine *pro se* civil actions (including this one) in two different federal district courts. [1] Eight of these nine actions, including the current action, have been dismissed based on pleading deficiencies or procedural failures. [2] In addition, Plaintiff has filed four appeals in civil actions. [3] While two

of those appeals are pending, two have been dismissed based on lack of merit. [4]

[1] *See Ajamian v. State of New York,* No. 13–CV–1316, Complaint (N.D.N.Y. filed Oct. 23, 2013) (*pro se* civil rights action); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–0306, Complaint (N.D.N.Y. filed Mar. 21, 2014) (*pro se* civil rights action); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–0319, Complaint (N.D.N.Y. filed Mar. 24, 2014) (*pro se* civil rights action); *Ajamian v. Nimeh,* No. 14–CV–0320, Complaint (N.D.N.Y. filed Mar. 24, 2014) (*pro se* civil rights action); *Ajamian v. Zakarian,* No. 14–CV–0321, (N.D.N.Y.2014) (current action barred by *res judicata* ); *Ajamian v. Nimeh,* No. 14–CV–4093, (E.D.N.Y.2014) (*pro se* civil rights action); *Ajamian v. Zakarian,* No. 14–CV–1127, Complaint (N.D.N.Y. filed Sept. 15, 2014) (*pro se* civil rights action); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–1204, Complaint (N.D.N.Y. filed Oct. 1, 2014) (*pro se* civil rights action); *Ajamian v. Nimeh,* No. 14–CV–1211, Complaint (N.D.N.Y. filed Oct. 3, 2014) (*pro se* civil rights action).

[2] *See Ajamian v. State of New York,* No. 13–CV–1316, Judgment (N.D.N.Y. filed August 11, 2014) (dismissing with prejudice for failure to state a claim and lack of subject matter jurisdiction); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–0306, Judgment (N.D.N.Y. filed May 28, 2014) (dismissing with prejudice for failure to state a claim); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–0319, Text Order (N.D.N.Y. filed Mar. 26, 2014) (terminated action as duplicative of 14–CV–306); *Ajamian v. Nimeh,* No. 14–CV0320 (N.D.N.Y.2014) (current action barred by res judicata); *Ajamian v. Zakarian,* No. 14–CV0321, Judgment (N.D.N.Y. filed Aug. 26, 2014) (dismissed with prejudice for failure to state a claim and lack of subject matter jurisdiction); *Ajamian v. Nimeh,* No. 14–CV–4093, Memorandum & Order (E.D.N.Y. filed Sept. 26, 2014) (dismissed with prejudice for failure to state a claim); *Ajamian v. Morgan Stanley Smith Barney, et. al,* No. 14–CV–1204, Judgment (N.D.N.Y. filed Oct. 30, 2014) (dismissed with prejudice for failure to state a claim and lack of subject matter

jurisdiction); *Ajamian v. Nimeh,* No. 14–CV–1211, Judgment (N.D.N .Y. filed Oct. 9, 2014) (closed and ordered that complaint be filed as proposed amended complaint in 14–CV320).

3    See *Ajamian v. Morgan Stanley Smith Barney, LLC,* No. 14–2212, Notice of Appeal (2d Cir. filed June 4, 2014); *Ajamian v. State of New York,* No. 14–2934, Notice of Appeal (2d Cir. filed Aug. 15, 2014); *Ajamian v. Zakarian,* No. 14–3432, Notice of Appeal (2d Cir. filed Sept. 2, 2014); *Ajamian v. Morgan Stanley Smith Barney,* 14–CV–1204, Notice of Appeal to 2d Cir. (N.D.N.Y. filed Nov. 3, 2014).

4    See *Ajamian v. Morgan Stanley Smith Barney, LLC,* No. 14–2212, Order (2d Cir. filed Sept. 24, 2014) (dismissing appeal for lack of arguable basis in law or fact); *Ajamian v. State of New York,* No. 14–2934, Order (2d Cir. filed Oct. 22, 2014) (dismissing appeal for lack of arguable basis in law or fact) (motion for reconsideration pending).

**\*3**  Based on Plaintiff's litigation history, the Court finds that (1) Plaintiff lacks a good-faith expectation in prevailing in his lawsuits, (2) he has proven himself to be vexatious and indeed incorrigible when proceeding *pro se,* (3) he has caused needless expense to other parties and placed an unnecessary burden on the Court and its personnel, and (4) he has demonstrated that no lesser sanctions (e.g., such as dismissal or chastisement) would be adequate to protect the Court and other parties.

Under such circumstances, a federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings. For example, a federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action *pro se* (that is, without counsel), without prior leave of that court. *See Hong Mai Sa v. Doe,* 406 F.3d 155, 158 (2d Cir.2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.") [internal quotations and citations omitted]; *In re Sassower,* 20 F.3d 42, 44 (2d Cir.1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement

may be instituted by the court as an appropriate sanction); *Moates v. Barkley,* 147 F.3d 207, 208 (2d Cir.1998) ( "[T]he district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."); *Azubuko v. Unknown Boston Police Officers,* 08–CV–0330, 2008 WL 1767067, at \*1 (N.D.N.Y. Apr. 16, 2008) (McCurn, J.).

Because of his history of filing unmerited and indeed vexatious lawsuits, including the current action, Plaintiff is hereby warned that the Court will not tolerate the filing of frivolous documents or motions in this action by him in the future. As a result, Plaintiff is directed to show cause, within thirty (30) days, why this Court should not issue an Order barring him from filing any future *pro se* documents or motions in this action without first obtaining leave of the Court. In the event that Plaintiff fails to show such cause, he will be prohibited from filing, in this action, any documents or motions without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

Further, in the event Plaintiff fails to show such cause, this case will be forwarded to Chief United States District Judge Gary L. Sharpe with the recommendation of the undersigned that an Anti–Filing Injunction Order be issued against Plaintiff, which would prohibit Plaintiff from filing, in the Northern District of New York, any action *pro se* (that is, without counsel) without first obtaining leave of the Court.

**\*4  ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Hummel's Report–Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's proposed amended complaint (Dkt. No. 32) is ***DENIED;*** and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is ***DISMISSED*** with prejudice; and it is further

**ORDERED** that ***Plaintiff is hereby directed to show cause, within thirty (30) days of this Decision and Order, why this Court should not issue an Order barring him from filing any future pro se documents or motions in this action without first obtaining leave of the Court. In the event that Plaintiff fails to show such cause, he will be prohibited from filing,***

*in this action, any document or motion pro se (that is, without counsel) without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.*

### REPORT–RECOMMENDATION and ORDER

CHRISTIAN F. HUMMEL, United States Magistrate Judge.

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Robert H. Ajamian ("Ajamian"). Compl. (Dkt. No. 1). Ajamian has not paid the filing fee and instead seeks permission to proceed with this matter in *forma pauperis* ("IFP"). Dkt. Nos. 2, 5–6, 9, 12–14.

### I. Discussion

### A. Application to Proceed IFP

Ajamian has submitted an IFP Application. Despite the absence of a properly completed IFP application before the Court, due to significant efforts made by Ajamian, coupled with a review of the information provided therein, the Court finds that Ajamian may properly proceed with this matter IFP.

### B. Allegations in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Ajamian asserts that defendant Nimeh, a stock broker, violated his constitutional rights by placing non-conservative trades using his retirement account between March 2005 and September 2011, which resulted in a $30,000.00 loss. Compl. at 2–4. Ajamian contends that he is entitled to treble damages, or $90,000.00. *Id.* For a more complete statement of Ajamian's claims, reference is made to the complaint.

In drafting the complaint, Ajamian utilized a court form normally used for litigants seeking redress of alleged constitutional violations through 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[ ], privilege[ ], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; *see also German v. Fed. Home Loan Mortg. Corp.,* 885 F.Supp. 537, 573 (S.D.N.Y.1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

**\*5** Ajamian's § 1983 action should be dismissed for multiple reasons. First, Ajamian fails to state a cognizable cause of action for which relief can be granted. It is unclear to the Court what civil or constitutional rights were allegedly violated since Ajamian fails to specify the nature of such rights. Ajamian only alleges that defendant failed to make conservative trades on his behalf. Furthermore, the named defendant Nimeh is not asserted to have acted under the color of state law. *See, e.g., Rounseville v. Zahl,* 13 F.3d 625 (2d Cir.1994) (noting state action requirement under § 1983); *Wise v. Battistoni,* No. 92–CV–4288 (PKL),1992 WL 380914, at \*1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). [1] State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.,* No. 95–CV–1500 (RSP) (DNH), 1995 WL 743719, at \*2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y.1994) (citation omitted)). There is no allegation that Nimeh acted under color of state law with regard to the stock trades. As such, § 1983 is not the proper vehicle through which Ajamian could seek judicial review of his claims. Accordingly, to the extent Ajamian seeks to remedy a constitutional violation through § 1983, the complaint fails to state a cause of action to which relief can be granted and should be dismissed.

[1]      All unpublished opinions cited to by the Court in this Report–Recommendation are, unless otherwise noted, attached to this Recommendation.

Ajamian also asserts that Nimeh violated his rights under "U.S. civil statutes 22 A.L.R. 5th 261, 152 A.L.R. Fed. 1." Compl. at 1. Reliance on either authority is misplaced. Both references are not to federal statutes but to American Law Reports articles, the former concerns statutes on assaults motivated by hate crimes and ethnic intimidation while the latter discusses governmental actions that constitute "reverse

discrimination." 152 A.L.R. FED. 1 (1999); 22 A.L.R. 5th 261 (1994). The complaint is devoid of any factual allegations concerning these legal issues. Therefore, despite Ajamian's conclusory statements, he has failed to state a claim in citing these articles.

It is well established that a federal court is obligated to notice on its own motion the basis for its own jurisdiction; thus, the Court must examine whether diversity jurisdiction exists. City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 512 (1973); see also Alliance of Am. Ins. v. Cuomo, 854 F.2d 591, 605 (2d Cir.1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction sua sponte ). Ajamian asserts the following claims, "breach of fiduciary duty, misrepresentation/non-disclosure, activity suitability, unauthorized trading, breach fo contract, error charges, failure to supervise, margin calls, negligence, criminal misrepresentation, fraudulent concealment...." Compl. at 1. Thus, the Court considers whether it has subject matter jurisdiction under 28 U.S.C. § 1332, which confers diversity jurisdiction.

*6 For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." See Zimak Co. v. Kaplan, No. 98–CV–3176(DAB)NRB., 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed.1998)). Corporations are deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

In the "Parties" section of the complaint and civil cover sheet, Ajamian lists that he is a resident of Albany, New York and Nimeh is located in Melville, New York. Even if the amount in controversy is set at $90,000.00, thus meeting the amount in controversy requirement, Ajamian has failed to satisfy the domicile requirement for purposes of diversity jurisdiction. Accordingly, where the domicile requirement is unmet, diversity jurisdiction does not exist and the Court lacks subject matter jurisdiction to consider the action. When subject matter jurisdiction is lacking, dismissal is mandatory. United States v. Griffin, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, dismissal of this action may be warranted.

To the extent Ajamian seeks to bring criminal charges against Nimeh, Ajamian lacks a cognizable right in that regard. It is well-settled law in this Circuit that there is no constitutional right to have criminal wrongdoers prosecuted. See Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.3d 81, 86–87 (2d Cir.1972) ("It is a truism ... that in our federal system crimes are always prosecuted by the Federal Government, not by ... private citizens.").

Lastly, attached to Ajamian's complaint is a "FINRA [ ("Financial Industry Regulatory Authority") ] dispute resolution claim information tracking form" dated July 19, 2013, which indicates that a claim was filed against Nimeh, to be resolved through arbitration proceedings. Compl. at 5–8. While Ajamian does not refer to a FINRA arbitral award in his complaint, allege specifics facts surrounding the circumstances of an arbitral award, request specific judicial action on such an award, or attach the award to his complaint, it appears that Ajamian filed a claim with FINRA for arbitration proceedings to resolve disputes against Nimeh. Furthermore, Ajamian alludes to an arbitration proceeding by inserting an arbitration number in the caption of his complaint. Compl. at 1. In light of his pro se status, the Court recommends that Ajamian be afforded an opportunity to amend his complaint to make clear this cause of action. Ajamian should also be provided an opportunity to provide more facts in his amended complaint which would allow the Court, and defendant, to assess whether a meritorious action is stated.

## II. Amendment

*7 In sum, Ajamian's complaint in its current form fails to state a claim for relief and fails to state the Court's subject matter jurisdiction. As such, dismissal would be appropriate

pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, in light of Ajamian's pro se status, this Court recommends that prior to dismissing this action, Ajamian be directed to amend his complaint to provide clearer details regarding his claim. Ajamian is directed to draft a complaint which satisfies the plausibility standard outlined in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), requiring plaintiffs to "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citations omitted). Specifically, Ajamian is directed to draft a complaint which Ajamian have to *allege specific facts* sufficient to plausibly state that the FINRA arbitration award, if it exists, merits judicial review.

### III. Conclusion

**WHEREFORE,** it is hereby

**ORDERED** that plaintiff's IFP application (Dkt.Nos.12–14)[2] is **GRANTED;**[3] and it is further

[2]    Plaintiffs' pending letter motions and exhibits (Dkt.Nos.12–14) were filed in support of his IFP application, which was first filed on March 24, 2014 (Dkt. No. 2).

[3]    Plaintiff should note that although his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction; and it is further

**RECOMMENDED** that alternatively, in light of plaintiff's pro se status, prior to dismissing plaintiff's complaint in its entirety, he be provided an opportunity to amend his complaint to amplify the facts that would support his claim for entitlement to relief; and it is further

**ORDERED** that the Clerk serve a copy of this Report–Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the ... recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Sec'y of HHS,* 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

Filed May 22, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 6078425

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.